```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                            :
JOHN WAYS,                                  :
                                            :
             Petitioner,                    :     Civ. No. 22-4943 (NLH)
                                            :
    v.                                      :     OPINION
                                            :
CEO & OFFICE OF THE WARDEN                  :
OF JBMDL, NJ,                               :
                                            :
             Respondents.                   :
_____:

APPEARANCES:

John Ways
18156-047
Fort Dix Federal Correctional Institution
Inmate Mail/Parcels
East: P.O. Box 2000
Joint Base MDL, NJ 08640

    Petitioner Pro se

HILLMAN, District Judge

    Petitioner John Ways filed this petition for writ of habeas corpus under 28 U.S.C. § 2241 alleging Bureau of Prisons ("BOP") officials at FCI Fort Dix have refused to provide him the forms for filing administrative grievances. ECF No. 1. For the reasons that follow, the Court will dismiss the petition for lack of jurisdiction.

I.   BACKGROUND

    Petitioner alleges that BOP have refused to give him the necessary administrative grievance forms. According to

Petitioner, he "attempted the first step in the required Informal Grievance Process and was summarily, and out-of-hand, seemingly personally rejected and apparently forbidden by Jose Cuevas, II., from obtaining the required . . . [appropriate] Informal resolution Form."  ECF No. 1-3 at 7.  "Petitioner cited the current CFR's and Jose Cuevas, II., indicated through deed, and declaration, that the law did not apply to him and that he, Jose Cuevas, II., did not have to comply with the law nor was there any such law that Petitioner could cite that any Bureau of Prisons staff was legally bound to comply with."  Id.

Petitioner asks the Court to refer criminal charges to the New Jersey Attorney General and the Department of Justice.  ECF No. 1 at 7.  He also asks the Court to order Fort Dix staff to undergo additional training.  Id.

II. STANDARD OF REVIEW

Title 28, Section 2243 of the United States Code provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).

2

A pro se habeas petition must be construed liberally. See Hunterson v. DiSabato, 308 F.3d 236, 243 (3d Cir. 2002).

Nevertheless, a federal district court must dismiss a habeas corpus petition if it appears from the face of the petition that Petitioner is not entitled to relief.  28 U.S.C. § 2254 Rule 4 (made applicable through Rule 1(b)); see also McFarland v. Scott, 512 U.S. 849, 856 (1994); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).

III. ANALYSIS

Section 2241 confers jurisdiction on district courts to issue writs of habeas corpus in response to a petition from a state or federal prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  "[W]henever the challenge ultimately attacks the 'core of habeas' — the validity of the continued conviction or the fact or length of the sentence — a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition." Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002).  "Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction," a civil rights action is the appropriate method. Id.  In other words, "'unless the claim would fall within the "core of habeas" and require sooner release if resolved in the

3

plaintiff's favor,' prisoners should bring a prison related claim through other legal avenues." Goston v. Ortiz, No. 20-15703, 2022 WL 1486045, at *2 (D.N.J. May 5, 2022) (quoting Leamer, 288 F.3d at 542).

Petitioner claims that prison officials are obstructing his ability to exhaust administrative remedies within the BOP. He is not challenging the validity of his conviction or sentence in this petition.[1] Petitioner's claim that BOP officials are not providing him administrative remedy forms would not alter his sentence or require sooner release if Petitioner were successful. Therefore, he cannot proceed under § 2241, and this Court lacks habeas jurisdiction over the claims in the petition.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. The Court declines to convert this action into a civil rights complaint due to the differences in procedures and pre-filing requirements under the Prison Litigation Reform Act. However, the Court will direct the Clerk

---

[1] Petitioner does state that he has "been trafficked into this Immigration & Detention Facility . . . after being wrongly convicted of a pretended offense, in [his] home State of Nebraska . . . ." ECF No. 1-2 at 2. However, he does not make substantive arguments about his conviction and admits it "has little to do with this instant matter." Id.

4

to provide Petitioner with the relevant forms so he may submit a civil rights action if he chooses.[2]

IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the petition for lack of jurisdiction.  An appropriate order will be entered.


Dated: January 11, 2023             s/ Noel L. Hillman
At Camden, New Jersey               NOEL L. HILLMAN, U.S.D.J.

---

[2] The Court expresses no opinion as to whether any potential civil rights action would otherwise comply with the Prison Litigation Reform Act.